NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-810

COMMONWEALTH

<u>vs</u>.

SHANNON BENNETT.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

Following a jury trial in the Boston Municipal Court, the defendant was convicted of threatening to commit a crime, in violation of G. L. c. 275, § 2. The charge stemmed from a verbal altercation between the defendant and her neighbor (the victim) during which the defendant said that she "was locked and loaded." The defendant went on to say that she has "white privilege." There was evidence of longstanding discord between the two, and the victim testified that she believed the defendant intended to shoot and kill her and her daughter. This fear was exacerbated by the victim's belief that the defendant and her son had weapons in the house.

On appeal, the defendant argues, among other things,[1] that she is entitled to a new trial because the judge failed to instruct the jury in accordance with her rights under the First Amendment to the United States Constitution.  More specifically, she argues that under Counterman v. Colorado, 600 U.S. 66 (2024), and Commonwealth v. Cruz, 495 Mass. 110 (2024), the judge was required to inform the jury that the Commonwealth must prove beyond a reasonable doubt that she was aware of or consciously disregarded a substantial risk that the communication at issue would be viewed as threatening violence.[2] The Commonwealth appropriately concedes that this omission requires us to vacate the judgment of conviction.  Although the error was not preserved, the failure to properly instruct the

_____

[1] The defendant also claims that the judge abused his discretion by permitting the jury to consider numerous uncharged bad acts.  Given our conclusion, we need not address this argument.  Should a second trial take place, the trial judge will be in the best position to evaluate the challenged bad act evidence and make an appropriate ruling.

[2] The judge instructed the jury that the Commonwealth was required to prove four elements beyond a reasonable doubt:

> "First, that the defendant expressed an intent to injure a person now or in the future.  Second, that the defendant intended that her threat be conveyed to a particular person.  Third, that the injury that was threatened, if carried out, would constitute a crime.  And fourth, that the defendant made the threat under circumstances which could reasonably have caused the person to whom it was conveyed to fear that the defendant had both the intention and the ability to carry out the threat."

jury in the circumstances created a substantial risk of a miscarriage of justice such that a new trial is required. See Commonwealth v. McCray, 93 Mass. App. Ct. 835, 845-846 (2018).

That said, we do not agree with the Commonwealth's position that the principle of double jeopardy precludes a retrial. To the contrary, where, as here, the evidence presented at trial "was sufficient to allow a rational jury to find beyond a reasonable doubt that [the defendant] had the requisite mens rea" there is no constitutional bar to retrying the defendant. Cruz, 495 Mass. at 116.

Accordingly, the judgment is vacated, the verdict is set aside, and the matter is remanded to the Boston Municipal Court for a new trial, if the Commonwealth chooses to pursue one.

So ordered.

By the Court (Vuono, Neyman & Sacks, JJ.[3]),

Clerk

Entered: February 26, 2026.

---

[3] The panelists are listed in order of seniority.

3